UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

ERIK WAYNE JOHNSON,

    Plaintiff,      Case No. 2:11-cv-5

v.              Honorable R. Allan Edgar

TROTT & TROTT, P.C. and
KATIE DIMITRIOU,

    Defendants.
_____/

**MEMORANDUM**

  Plaintiff Erik Wayne Johnson filed this *pro se* lawsuit against defendants Trott & Trott, P.C. ("Trott & Trott") and Trott & Trott employee Katie Dimitriou (collectively, "Defendants"). The suit arises out of foreclosure proceedings on real property owned by Plaintiff. Defendants are a law firm who instituted the nonjudicial foreclosure on behalf of their client. Plaintiff brought this suit, alleging Fair Debt Collections Practices Act violations and a number of state law claims. Presently before the Court is Defendants' "Motion for Order of Dismissal/Summary Judgment." Doc. No. 19. In their motion, Defendants request that Plaintiff's claims be dismissed on the pleadings, pursuant to Fed. R. Civ. P. 12(c), or alternatively that they be granted summary judgment, pursuant to Fed. R. Civ. P. 56(c). The Court has reviewed this motion, along with Plaintiff's response [Doc. No. 20], and the matter is now ready for decision.

*Judgment on the Pleadings*

A Federal Rule of Civil Procedure 12(c) motion has the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (internal citations omitted). In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997), *citing Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203, *citing Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88, *citing In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). In *Twombly*, the Supreme Court emphasized that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. at 555 (internal citations omitted).

The Supreme Court has clarified that *Twombly* is not limited "to pleadings made in the context of an antitrust dispute." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009). The Court emphasized that "though *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8. That Rule in turn governs the pleadings standard 'in all civil actions[.]" *Id., citing Twombly*, 550 U.S. at 555-56.

When reviewing a Rule 12(b)(6) motion to dismiss, "a district court may not consider matters beyond the complaint." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008), *citing Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). However, matters of public record, along with orders, items appearing in the case record, exhibits attached to the complaint, and documents referred to in the complaint and central to the plaintiff's claim, may all be considered in deciding a Rule 12(b)(6) motion. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001); *Hamlin v. Baptist Memorial Hospital*, 2011 WL 902351 at *2 (W.D. Tenn. 2011).

*Summary Judgment*

Summary judgment is only appropriate if there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). Material facts are those facts that might affect the outcome of the action under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995).

In deciding a summary judgment motion, the Court must view the facts in the record and all reasonable inferences that can be drawn from those facts in the light most favorable to Plaintiff. *Anderson*, 477 U.S. at 251-52; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court cannot weigh the evidence, judge credibility of witnesses, or determine the truth of matters reasonably in dispute. *Anderson*, 477 U.S. at 249; *Talley*, 61 F.3d at 1245.

Defendants bear the initial burden of demonstrating there are no genuine issues of material fact in dispute. Defendants may satisfy this burden either by presenting affirmative evidence that negates an essential element of Plaintiff's claim, or by demonstrating the absence of evidence to support a claim. *Celotex Corp.*, 477 U.S. at 325; *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). Once Defendants meet this initial burden, Plaintiff is required to come forward with probative evidence and facts to support his claim and show that a trial is necessary to resolve a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322; *Anderson*, 477 U.S. at 249; *Van Gorder*, 509 F.3d at 268. A scintilla of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 251-52. Rather, there must be admissible evidence on which a reasonable jury could find in Plaintiff's favor. *Anderson*, 477 U.S. at 252; *Van Gorder*, 509 F.3d at 268.

*Statement of Facts*

Defendants were hired by PHH Mortgage to institute foreclosure proceedings against Plaintiff. Plaintiff alleges that he received a letter from Defendants dated August 18, 2010, which stated "THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT[]" and went on to include "a total due on the alleged account." Doc. No. 15, p. 2. While Plaintiff does not describe the debt at issue in this "count" of his amended complaint,

his other "counts" make clear that the debt refers to his alleged failure to make mortgage payments on real property. Doc. No. 15, p. 4. Defendants have attached a copy of the mortgage note to their motion, which indicates that Plaintiff and Holly Johnson granted a mortgage to Cendant Mortgage Corporation, which Defendants allege is now known as PHH Mortgage, on October 21, 2002. Doc. No. 19-1, Exhibit A; Doc. No. 19, p. 3 of 14.

Plaintiff alleges that the August 18th letter included an attached page that stated "15 U.S.C. SECTION 1692g. As stated in the FAIR DEBT COLLECTIONS PRACTICES ACT[,]" and that further indicated that the debt would be assumed to be valid by Trott & Trott, the creditor's law firm, unless Plaintiff disputed its validity within thirty days. Doc. No. 15, p. 3. Plaintiff states that he sent a "Notice of Dispute and Demand for Full Disclosure" on August 20, 2010, in which he requested twelve items from Defendants. *Id.* Plaintiff alleges that he included with this letter a "Satisfaction and Discharge" document that shows that he had previously paid off the mortgage on his real property. *Id.* Plaintiff also alleges that he attached a "conf[i]rmation letter that was sent and dated December 31, 2007[,] verifying this loan as being paid in full." *Id.* According to Plaintiff, Defendants failed the provide the twelve requested items within thirty days of him sending his "Notice." *Id.*

Plaintiff alleges that Defendants placed a notice of foreclosure proceedings against Plaintiff and Holly L. Johnson in a newspaper, the Menominee County Journal, on August 26, 2010, despite the fact that he and Holly L. Johnson were no longer married and the fact that the mortgage had been previously discharged. Doc. No. 15, p. 4. Plaintiff alleges that he spoke with Katie Dimitriou at Trott & Trott after seeing the allegedly fraudulent notice in the Menominee County Journal, and that Dimitriou "failed to recognize the true authenticity" of the "Satisfaction and Discharge paper." *Id*.

5

Plaintiff states that he mailed an "Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim" to Defendants and that they failed to respond to it. Doc. No. 1 5, p. 5. Plaintiff further alleges that he mailed a first, second, and final "Notice of Fault and Demand for Payment", and that no payment was made by Defendants as a result of these mailings. Doc. No. 1 5, pp. 5-6. Plaintiff states that Defendants printed a "Notice of Mortgage Foreclosure Sale" in the local newspaper on November 18, 2010. Doc. No. 15, p. 6. The property was sold at a sheriff's sale on January 7, 2011.

*Federal Debt Collection Practices Act*

In the first "count" of his amended complaint, Plaintiff states that "defendant(s) is liable of the act of dishonor in commerce and violating the fair debt collections act." Doc. No. 15, p. 3. In support of this, Plaintiff references the August 18 letter that he received from Defendants and their alleged failure to respond to his reply letter. While Plaintiff does not indicate which section of the Fair Debt Collection Practices Act (FDCPA) was allegedly violated, the Court agrees with Defendants that this "count" of Plaintiff's amended complaint alleges a violation of 15 U.S.C. § 1692g(b). That section provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . .

15 U.S.C. § 1692g(b).

Defendants argue that they are not "debt collectors" for purposes of § 1692g(b). As a matter of law, liability under § 1692g can only attach to those who meet the statutory

6

definition of a "debt collector." *See Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003); *Golliday v. Chase Home Finance, LLC*, 761 F.Supp.2d 629, 635 (W.D. Mich. 2011) (Bell, J.); *Whittiker v. Deutsche Bank National Trust Co.*, 605 F.Supp.2d 914, 926 (N.D. Ohio 2009) ("The absence of any factor[, including that defendant is a debt collector under § 1692a(6),] is fatal to plaintiff's claims under § 1692[g]"). In order to survive this Rule 12(c) motion, Plaintiff's amended complaint must therefore include factual allegations indicating that Trott & Trott meets the definition of a "debt collector" for purposes of § 1692g of the FDCPA. Under the FDCPA, a debt collector is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . *For the purpose of section 1692f(6) of this title*, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6) (emphasis added).

Plaintiff's amended complaint alleges that Trott & Trott was enforcing a nonjudicial foreclosure on behalf of their client. This fact establishes that Trott & Trott was acting as a "debt collector" under the FDCPA, but only for § 1692f(6) purposes. *See Montgomery v. Huntington Bank*. 346 F.3d 693, 700-01 (6th Cir. 2003) ("except for purposes of § 1692f(6), an enforcer of a security interest . . . does not meet the statutory definition of a debt collector under the FDCPA[]"); *see also Morris v. Equi First Corp.*, 2011 WL 1337404 (M.D. Tenn. Apr. 7, 2011) (noting that law firms pursuing judicial foreclosures on behalf of their clients are enforcers of security interests for purposes of *Montgomery*).

Plaintiff must therefore allege facts showing that Defendants meet one of the non-1692f(6) definitions of a "debt collector" found in § 1692a(6). To do this, Plaintiff must allege that Trott & Trott is a business whose principal purpose is debt collection, or that they regularly collect or attempt to collect debts owed to another. *See Montgomery*, 346 F.3d at 701 (noting in finding a Rule 12(b)(6) dismissal to be appropriate that, other than conclusorily stating that the defendant is a "debt collector," plaintiff has not alleged that the defendant met one of those two definitions).

The only factual allegation in Plaintiff's amended complaint that could possibly be viewed as alleging that Trott & Trott is a "debt collector" for non-1692f(6) purposes occurs when Plaintiff notes that the letter he received stated "THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT." Doc. No. 15, p. 2. This district and other districts within this circuit have previously held that such disclaimers are insufficient to show that a law firm is a debt collector for non-1692f(6) purposes. *Golliday v. Chase Home Finance, LLC*, 761 F.Supp.2d 629, 636 (W.D. Mich. 2011) (Bell, J.); *Rogers*, 2011 WL 3497432 at *8; *Stamper v. Wilson & Assoc., PLLC*, 2010 WL 1408585 at *9 (E.D. Tenn. Mar. 31, 2010) (Phillips, J.). *Golliday,* noting that law firms representing clients in non-judicial foreclosures do qualify as "debt collectors" for § 1692f(6) purposes, points out that these firms could "reasonably conclude that the FDCPA requires such a [disclaimer] in certain circumstances, and therefore cannot be faulted when [they] err[] on the side of caution [in including such a disclaimer]." 761 F.Supp.2d at 636. This Court agrees that a firm that includes this type of disclaimer is not automatically transformed into a "debt collector" for non-1692f(6) purposes. Therefore, since Plaintiff has failed to plead any facts showing Trott & Trott's status as a "debt collector" for non-1692f(6) purposes, Plaintiff's § 1692g(b) claim must be

8

dismissed pursuant to Fed. R. Civ. P. 12(c). As dismissal is appropriate on this basis, the Court finds it unnecessary to address Defendants' alternative argument that they provided adequate verification of the debt.

In their motion, Defendants argue that Plaintiff has not pled any facts in support of a violation of § 1692f(6). Doc. No. 19, p. 11 of 14. Courts, however, must construe a *pro se* plaintiff's filings liberally. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005), *citing Haines v. Kerner*, 404 U.S. 519, 520 (1972). In doing so, the Court finds that the sixth "count" of Plaintiff's amended complaint alleges a violation of § 1692f(6) of the FDCPA.

Section 1692f(6) prohibits the following practice:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (a) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (b) there is no present intention to take possession of the property; or (c) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).

The sixth "count" of Plaintiff's amended complaint alleges that the sheriff's sale of Plaintiff's real property, which Defendants instituted on behalf of their client, was invalid. This argument is based on Plaintiff's allegation that the loan had already been paid off. Doc. No. 15, p. 9. These facts are sufficient to allege a § 1692f(6) claim. Trott & Trott's "debt collector" status is not at issue with regard to this claim, as Defendants concede that they are debt collectors for § 1692f(6) purposes in their motion.

As the Court finds documentation provided by Defendants to be relevant to its analysis, it will review this claim under the summary judgment standard. Plaintiff alleges that a "Satisfaction and Discharge" document shows that he had previously paid off the mortgage, as does a confirmation letter that was sent and dated December 31, 2007. Doc.

9

No. 15, p. 3. Plaintiff further alleges that an affidavit and verification, labeled with "liber 679, page 883", show that the loan was paid off. Doc. No. 15, pp. 6, 9. Defendants attach to their motion a satisfaction of mortgage document, which was recorded on January 10, 2007 and which is labeled with "Liber 602 Page 258". Doc. No. 19-2, Exhibit C. Defendants also attach a "Revival and Reinstatement of Mortgage" document, which was recorded on December [illegible], 2007. Doc. No. 19-3, Exhibit D. The "Revival and Reinstatement" document, which was signed by Plaintiff, Holly Johnson, and lender Michelle C. Elizardo-Young and notarized, states that the mortgage was mistakenly discharged on January 10, 2007, that the mortgagors and lender agree that the discharge was made in error, and that they desire to reinstate the mortgage. Doc. No. 19-3, Exhibit D.

Given that Plaintiff alleges that a December 31, 2007 letter verified that the loan had been paid in full, it is possible that the loan was paid in full after the "Revival and Reinstatement" document was issued. Also, given that the satisfaction of mortgage document attached by Defendants has a different page number than the one referenced by Plaintiff, it is possible that Plaintiff is referencing a different, and still valid, document. In short, the Court finds that a genuine issue of material fact remains as to whether the mortgage was paid off before the foreclosure proceedings began. Defendants are therefore not entitled to summary judgment on Plaintiff's § 1692f(6) claim.

*Count Two*

In the second "count" of his amended complaint, Plaintiff states that "defendant(s) is liable of the act of negligence in misrepresentation and printing false and misleading information, as well as defamation of character." Doc. No. 15, p. 4. In support of this, Plaintiff references the notice of foreclosure proceedings placed in the Menominee County

Journal on August 26, 2010. Plaintiff argues that this notice was placed despite the fact that he had sent documents to Defendants to show that the mortgage had been paid in full and that his marriage with Holly L. Johnson had ended in October 2006. Doc. No. 15, p. 4.

"Under Michigan law, a plaintiff alleging a claim of negligence must demonstrate the following four elements: 1) a duty owed to the plaintiff by the defendant, 2) breach of that duty, 3) causation, and 4) damages." *Brown v. United States*, 583 F.3d 916, 920 (6th Cir. 2009), *quoting Case v. Consumers Power Co.*, 463 Mich. 1, 6 (2000). The Court finds that Plaintiff has failed to allege any facts establishing the existence of a duty that Defendants owed to him, and he has also failed to allege any facts establishing the existence of any damages. *See Morgan v. Sun Trust Mortgage*, 2011 WL 2690151, at *2 (W.D. Mich. Jul. 5, 2011) (Quist, J.) (finding that defendant, who was representing its client in a nonjudicial foreclosure against plaintiffs, owed no duty to plaintiffs). Plaintiff's negligence claim is therefore properly dismissed pursuant to Rule 12(c).

Plaintiff also attempts to allege a defamation claim in this "count." In Michigan, defamation claims consist of four elements: "(1) a false and defamatory statement; (2) publication to a third party; (3) fault - at least negligence - in publishing the statement; and (4) either actionability of the statement irrespective of special harm (defamation per se) or ... special harm caused by publication (defamation per quod)." *Ogle v. Hocker*, 430 Fed. Appx. 373 (6th Cir. 2011), *quoting Colista v. Thomas*, 241 Mich. App. 529 (2000). "A defamatory statement is traditionally defined as one that tends to so harm the reputation of persons so as to lower them in the estimation of the community or to deter others from associating or dealing with them." *Locricchio v. Evening News Ass'n.*, 438 Mich. 84, 115 (1991). The Court finds that, in inaccurately stating the status of Plaintiff's marriage to Holly

Johnson, Plaintiff has not alleged that Defendants made a statement that was defamatory, and a Rule 12(c) dismissal of this claim is therefore appropriate.

Plaintiff does not clarify what specific false statements were included in the notice of foreclosure, but it can be inferred that Plaintiff is arguing that the notice was false because he had paid off his mortgage on the property. Defamation per se exists when words, "by themselves, and as such, without reference to extrinsic proof, injure the reputation of the person to whom they are applied." *Yono v. Carlson*, 283 Mich. App. 567, 571 (2009) (internal citation omitted). Plaintiff has failed to allege what specific statements were included in the ntoice, as would be required to show defamation per se, and Plaintiff has also failed to show the existence of any special harm caused by the publication. This defamation claim will therefore also be dismissed pursuant to Rule 12(c).

### *Count Three*

In the third "count" of his amended complaint, Plaintiff states that "Katie Dimitriou, acting agent for Trott & Trott is liable of negligence in not recognizing public registered documents." Doc. No. 15, p. 4. In support of this, Plaintiff alleges that he spoke with Katie Dimitriou at Trott & Trott after seeing the allegedly fraudulent notice in the Menominee County Journal, and that Dimitriou "failed to recognize the true authenticity" of the "Satisfaction and Discharge paper." Doc. No. 15, p. 4. Plaintiff has failed to allege the existence of a duty that Dimitriou owed him. This claim must therefore be dismissed pursuant to Rule 12(c).

### *Count Four*

In the fourth "count" of his amended complaint, Plaintiff states that "defendant(s) is liable of breach of contract of international commercial claim and dishonor of settlement."

Doc. No. 15, p. 6. In support of this, Plaintiff references the "Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim" that he mailed to Defendants and their failure to respond to it. Doc. No, along with their failure to respond to his subsequent demands for payment. 1 5, pp. 5-6.

The Court will treat this claim as a tort claim for breach of contract. "To state a breach of contract claim under Michigan law, a plaintiff must first establish the elements of a valid contract." *In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003), *citing Pawlak v. Redox Corp.*, 182 Mich. App. 758 (1990). One of the elements of a valid contract in Michigan is mutuality of agreement. *Id., citing Thomas v. Leja*, 187 Mich. App. 418 (1990). Plaintiff fails to allege any facts that indicate that the "Affidavit of Negative Averment" was a contract, or that the contract was mutually agreed upon. Plaintiff also fails to provide any factual allegations that could indicate a breach of a contract, even if a valid contract was found to exist. Plaintiff's breach of contract claim will therefore be dismissed pursuant to Rule 12(c).

*Count Five*

In the fifth "count" of his amended complaint, Plaintiff states that "defendant(s) is liable of making public, False and Misleading information, Mail Fraud, Defamation of Character, Harassment, Trespass, Conspiracy, Fraud, Extortion, Dishonor in commerce, etc." Doc. No. 15, p. 7. In support of this, Plaintiff references the foreclosure notice that was published on November 18, 2010. Doc. No. 15, p. 6. Plaintiff again alleges that this notice contained false information regarding the status of his marriage to Holly L. Johnson and the status of the mortgage on his property. *Id.*

Plaintiff has provided a conclusory list of legal claims in this count of his amended complaint and has not provided factual support for all of the material elements of any of the

claims. Conclusory allegations or legal conclusions masquerading as factual allegations in a complaint will not suffice. *Eidson v. Tenn. Dep't. of Children's Services*, 510 F.3d 631, 634 (6th Cir. 2007) (internal citations omitted). The claims in this count will therefore be dismissed pursuant to Rule 12(c).

*Count Six*

In the sixth "count" of his amended complaint, Plaintiff states that "defendant(s) is liable for Foreclosure, Fraud, Registering Fraudulent Documents, Forgery, Mail Fraud, Conspiracy, Defamation, Extortion, Racketeering etc." Doc. No. 15, p. 9. The majority of the facts found in this section of Plaintiff's amended complaint concern non-parties to this suit. With the exception of the FDCPA claim that was already discussed, Plaintiff has provided a conclusory list of legal claims in this "count" without any factual support. The claims all appear to stem from allegations that Defendants committed fraud against Plaintiff. The Federal Rules require that "a party... state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires that a plaintiff "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Community Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) (internal citation omitted). One of the requirements of common law fraud under Michigan law is that the plaintiff acted in reliance upon a false representation made by the defendant. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010), *quoting Cummins v. Robinson Twp.*, 283 Mich. App. 677 (2009). In this case, Plaintiff has failed to plead any claim of fraud with sufficient particularity. Specifically, Plaintiff has failed to allege

that he relied on a false representation made by Defendants. Dismissal of Plaintiff's fraud claims pursuant to Rule 12(c) is therefore appropriate.

*Conclusion*

Plaintiff's 15 U.S.C. § 1692g(b) claim and his state law claims will be dismissed on the pleadings pursuant to Rule 12(c). This case remains pending on Plaintiff's 15 U.S.C. § 1692f(6) claim.

An Order consistent with this Memorandum will be entered.


Dated: 11/2/2011 /s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE

15